*64 MEMORANDUM **
Surjit Singh, a native and citizen of India, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA), affirming an Immigration Judge’s (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection. We deny the petition for review.
DISCUSSION
To establish his eligibility for asylum, Singh was required to prove he suffered past persecution or has a well-founded fear of future persecution. See Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). Withholding of removal required him to demonstrate it is more likely than not that he would be subjected to persecution if he returns to India. See Kohli v. Gonzales, 473 F.3d 1061, 1070 (9th Cir.2007). For CAT relief, Singh had to establish it is more likely than not he would be tortured with the acquiescence of the Indian government upon his return. See Muradin v. Gonzales, 494 F.3d 1208, 1210-11 (9th Cir.2007).
Singh contends he met these burdens because he was arrested, beaten and tortured by police as a result of his religion and his political activities. The IJ determined, however, that Singh was not a credible witness. We agree. The inconsistencies in Singh’s testimony noted by the IJ — when Singh became politically active, his level of involvement in political activities, the circumstances of his cousin’s death, and how his arm was broken — are not insubstantial and go to the heart of his claim of persecution. See Singh v. Gonzales, 439 F.3d 1100, 1108 (9th Cir.2006) (“An inconsistency goes to the heart of a claim if it concerns events central to petitioner’s version of why he was persecuted and fled.”). Although Singh could have overcome his lack of credibility with corroborating evidence, see Cosa v. Mukasey, 543 F.3d 1066, 1070 (9th Cir.2008) (noting corroborating evidence is appropriate when the IJ “either does not believe the applicant or does not know what to believe”) (internal quotation marks omitted), the evidence Singh submitted did not substantiate his claims of abuse or torture.
Because Singh failed to establish his eligibility for asylum, he also failed to meet the higher burden required for withholding of removal. See Kumar v. Gonzales, 439 F.3d 520, 525 (9th Cir.2006). His failure to establish his eligibility for asylum does not, however, preclude CAT relief. See Farah v. Ashcroft, 348 F.3d 1153, 1156-57 (9th Cir.2003) (noting “the standards for the two bases of relief are distinct and should not be conflated”). Nonetheless, because his claim of torture is based on the same statements and evidence the IJ determined not to be credible, his CAT claim was also properly rejected. See id. at 1157.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.